**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**CREAMER PILOT SERVICES, LLC** **PLAINTIFF**

**v.** **Case No. 5:24-CV-05202-DCF**

**QBE INSURANCE CORPORATION** **DEFENDANT**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is a Report and Recommendation (Doc. 58) issued on July 29, 2026, by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. For the reasons given below, the Report and Recommendation is **ADOPTED IN PART AND REJECTED IN PART**.

## I. BACKGROUND

Magistrate Judge Comstock conducted a hearing on April 22, 2026, to allow the parties to present additional argument with respect to Defendant's Motion for Summary Judgment (Doc. 36), Plaintiff's Motion for Partial Summary Judgment (Doc. 36), and Defendant's Motion to Exclude Expert Report, Testimony, and Opinion of Benjamin White (Doc. 34). The Magistrate Judge now recommends that "Defendant's Motion for Summary Judgment be granted with respect to bad faith but denied as to breach of contract; that Plaintiff's Motion for Partial Summary Judgment be denied; and that

Defendant's Motion to Disqualify Benjamin White be denied." (Doc. 58, p. 1). On August 12, 2026, Defendant filed Objections to the Report and Recommendation. (Doc. 59).

For the reasons given below, the Court rejects the specific finding of disputed fact as to Defendant's obligation to obtain repair estimates but concurs with the conclusion that the Motion should be denied as to breach of contract. The Court finds proper and adopts the remaining findings and conclusions of the Report and Recommendation.

## II. LEGAL STANDARD

After viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256.

"[T]he specific standard of review depends, [] upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne,* No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

While the Court recognizes the Eighth Circuit has a split view regarding what objections require a *de novo* review, here, the Court has applied a measured approach and performed a *de novo* review with respect to all of Defendant's Objections. *See Hudson v. Graham*, 46 F.3d 785, 786 (8th Cir. 1995) (explaining that the Eighth Circuit has applied the exception of clear error review in lieu of *de novo* when a party's claims are general or conclusory but in other instances has emphasized the importance of maintaining *de novo* review).

## III. DISCUSSION

Defendant objects only to the Magistrate Judge's conclusion with respect to the breach of contract claim. Defendant does not object to the background summarized in the Report and Recommendation or its conclusions on bad faith,

Plaintiff's Motion for Partial Summary Judgment, or Plaintiff's expert. Therefore, the Court will adopt these findings as its own and address the breach of contract objections in turn.

**A. Straight Flight's Qualifications and Ability to Repair**

Defendant argues that "[t]he Report and Recommendations appears to identify Straight Flight's qualifications to repair the aircraft as a disputed fact." (Doc. 59, p. 3). Defendant asserts, "[i]t is undisputed that Straight Flight is an FAA Certified Repair Facility qualified to undertake repair of Plaintiff's aircraft." (*Id.*). In support of its argument, Defendant cites pages five and six of the Report and Recommendation. (*Id.*). Upon review of these pages, the Court finds the Magistrate Judge clearly outlined the events and perspectives from the record that occurred at specific phases of the incident that led to the litigation, which clearly articulates there is a dispute regarding Straight Flight's qualifications.

Moreover, the Defendant "fails to explain [] why the Magistrate Judge's analysis of the law and review of the facts were incorrect." *See U.S. v. Sansonetti*, No. 16-50041-001, 2019 WL 1781421, at *1 (W.D. Ark. Apr. 23, 2019). Instead, Defendant merely makes conclusory assertions to support its arguments, citing only to the record by representing testimonies on quotes taken out of context. Further, Defendant merely relies on its own opinions and

provides no case law to support its assertion that this is an undisputed fact. "Simply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-0582, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). As such, the Court finds that Defendant has not put forth a proper Objection on this point.

**B. Salvage Value**

Defendant asserts that the salvage value of the aircraft is $1.1M and that this fact is undisputed. (Doc. 59, p. 5). Like previous arguments, Defendant cites the record using conclusory statements. (*Id.*). Defendant fails to resolve the issue presented by the Magistrate Judge's findings. As noted in the Report and Recommendation, it was unclear what Defendant's argument was with respect to the term "salvage appraisal estimate." (Doc. 58, p. 9). After a careful review of the facts, the Court agrees with the Magistrate Judge on this point and finds the Defendant "fail[ed] to explain [] why the Magistrate Judge's [] review of the facts [was] incorrect." *See Sansonetti*, 2019 WL 1781421, at *1.

**C. Insurance Policy**

Defendant alleges two Objections with respect to the insurance policy: 1) "It is undisputed that QBE was not obligated under the policy to obtain or pay for repair estimates;" and 2) "It is undisputed that QBE had no duty under the

policy to pay costs to move the aircraft for disassembly and evaluation by Bombardier." (Doc. 59, pp. 5-7). In both Objections, Defendant cites to specific language from the policy, or lack thereof, arguing that the policy controls. (*Id.*).

First, Defendant argues that "[n]owhere in the Policy is there any requirement that QBE obtain or pay for repair estimates." (*Id.* at 5-6). The Court notes that Defendant cites no legal authority for its argument. However, an insurance policy's language should be construed "in its plain, ordinary, and popular sense." *Pine Bluff Sch. Dist. v. Ace Am. Ins.*, 984 F.3d 583, 590 (8th Cir. 2020) (quoting *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 268 S.W.3d 890, 895 (Ark. 2007)).

Further, "[c]ontracts of insurance should receive a practical, reasonable, and fair interpretation consonant with the apparent object and intent of the parties in light of their general object and purpose." *Dardanelle & Russellville R.R. v. Certain Underwriters at Lloyd's*, 379 S.W.3d 734, 742 (Ark. Ct. App. 2010). Applying this logic to the elements of the policy at issue, and despite Defendant's failure to provide this case law to the Court, the Court agrees with Defendant that "it is undisputed that [Defendant] was not obligated under the policy to obtain or pay for repair estimates." (Doc. 59, p. 5).

Second, Defendant argues "[t]he Report and Recommendations found that a dispute[] exist[ed] over whether [it] precluded [Plaintiff] from moving its

aircraft to Bombardier by refusing to pay the transportation costs to move it to Bombardier's facilities." (*Id.* at 6). In support of its argument, Defendant asserts "[t]he Policy provides no authority or obligation [] to move the aircraft to be disassembled, inspected and evaluated for repair." (*Id.*).

Here, the Court finds the insurance policy to be less clear. The phrasing cited by Defendant provides that the policy covered transportation costs, including moving "the [aircraft] to the most practical place for repair []." (*Id.*). However, these terms construed in the light most favorable to the nonmoving party suggest there is a dispute because servicing at Bombardier may have been "the most practical place for repair." (*Id.*). The Defendant cites no authority and references no clarifying language to support its reading of the policy. Most notably, it does not "explain [] why the Magistrate Judge's [] review of the facts [was] incorrect." *See Sansonetti*, 2019 WL 1781421, at *1. Therefore, the Court overrules this Objection.

**D. Bombardier Proposal**

Defendant argues that "[t]estimony from both [Plaintiff] and Bombardier establishe[d] that the Bombardier proposal was not an estimate." (Doc. 59, p. 7). In support of this argument, Defendant makes conclusory statements based on testimony from the Plaintiff and its witnesses. (*Id.* at 7-8). However, the Court finds the language quoted fails to support the assertions put forward by

Defendant.

For example, Defendant states, "[P]laintiff agreed in his testimony that he would expect a repair estimate – including an estimate from an aircraft manufacturer, to include things like 'time, and materials, and estimated costs.'" (*Id.* at 7). This is not the same as "testimony [] establishes [the] proposal was not an estimate." (*Id.*). Further, the Court notes that Defendant neither cites case law in support of its reading of the policy nor "explain[s] [] why the Magistrate Judge's [] review of the facts [was] incorrect." *See Sansonetti*, 2019 WL 1781421, at *1. Therefore, the Court overrules this Objection.

**E. Like Kind & Quality Parts**

Defendant argues that "[t]he Report and Recommendations treated the availability of serviceable salvaged parts of like kind and quality – in particular a forward fuselage assembly – as a disputed issue of fact." (Doc. 59, p. 8). However, Defendant fails to show where the Report and Recommendation does this. Generally, "objections must be timely and specific" and "should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Thompson*, 897 F.2d at 358-59; *Mayer*, 2008 WL 4527774, at *2. The Court finds Defendant has not met the threshold burden for objecting on this point and overrules Defendant's argument couched as an Objection.

**F. Information Unavailable To Defendant**

Defendant asserts that the Magistrate Judge improperly found a disputed fact with respect to the second Bombardier proposal because the subsequent estimate and additional materials were "*per se* untimely" and should not be considered in the summary judgment analysis. (Doc. 59, p. 10). Defendant's contention is that subsequent estimates were provided too late for consideration and should not be considered in this litigation. (*Id.* at 10-12).

However, the Magistrate Judge found, "[i]t is not entirely clear to the Court, but it appears the new repair proposal [] did not accompany [the] February 2024 letter, but . . . was produced in discovery." (Doc. 58, p. 10). Defendant attempts to address this argument directly in its Objections, highlighting sections of the Policy that set specific limitations on claim submissions and referencing select case law that show a statute of limitations. (Doc. 59, pp. 11-13). Upon review of the facts, the Court finds this argument unpersuasive and agrees with the Magistrate Judge that there is a lack of clarity regarding the second proposal and, accordingly, it remains a disputed fact. The Court agrees with the findings in the Report and Recommendation that "[Defendant] [did] not point[] to any Policy provision [making an update] untimely." (Doc. 58, p. 11).

**G. Various Issues of Fact**

Defendant disagrees with the Report and Recommendation's conclusion

that "disputed issues of fact exist in various respects which preclude the entry of summary judgment for either party." (*Id.* at 14-16). However, Defendant does cites no specific section to which it refers. Instead, it makes general conclusory statements about the Report and Recommendation, providing no legal basis for its argument. As previously noted, "objections must be timely and specific" and "should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Thompson*, 897 F.2d at 358-59; *Mayer*, 2008 WL 4527774, at *2. As such, the Court finds the Defendant has not met the threshold burden to object on this issue and overrules the argument offered as Objection.

**H. Arkansas Law**

Defendant contends that the Magistrate Judge failed to apply Arkansas law when considering its Motion for Summary Judgment. (Doc. 59, pp. 16-18). The Court finds that this argument itself lacks support because, even applying Arkansas law, there remain sufficient disputed facts that defeat the Motion on the breach of contract claim. The Court agrees with the Magistrate Judge that Defendant's Motion fails to provide sufficient authority for much of its assertions. Therefore, the Court finds the Magistrate Judge properly applied Arkansas law with regard to this Motion.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation is **ADOPTED IN PART AND REJECTED IN PART**. The Court **REJECTS** the finding that there was a disputed fact as to whether Defendant was required to obtain or pay for repair estimates; however, this does not alter the conclusion that genuine disputes of material facts remain at issue for trial as to the breach of contract claim. Accordingly, the Court **ADOPTS** the reasoning and recommendation that the Defendant's Motion for Summary Judgment be **GRANTED** with respect to bad faith and **DENIED** with respect to breach of contract (Doc. 31); that Plaintiff's Motion for Partial Summary Judgment be **DENIED** (Doc. 36); and that Defendant's Motion to Disqualify Benjamin White be **DENIED** (Doc. 34).

**IT IS SO ORDERED** this 30th day of September 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE